IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TADARYL SHIPP,                        )
                                      )
    Plaintiff,                    )
                                      )
VS.                                   )    No. 16-2891-JDT-cgc
                                      )
CORECIVIC, ET AL.,                    )
                                      )
    Defendants.                   )

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2),
ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA,
AND DENYING PENDING MOTIONS (ECF Nos. 8 & 11)

On November 8, 2017, the *pro se* prisoner Plaintiff, Tadaryl Shipp, who is incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Shipp purportedly filed the complaint also on behalf of ten additional inmates.[1] However, Shipp is the only person who signed the complaint and the only one who submitted a motion to proceed *in forma pauperis*. Therefore, the Court finds that he is the only proper Plaintiff in this case. Accordingly, the Clerk is directed to MODIFY the docket to delete all plaintiffs except for Tadaryl Shipp.

---

[1] Shipp lists the additional inmates as Mario Thomas, prisoner #331570; Thomas Stanton, #110667; Harmando Icem, #237863; Erik Murrel, #348136; Robin Davis, #314930; Judge Brooks, #92207; Scottie Burke, #203734; Author Volz, #405449; Ryan White, #511101; and Floyd Austell, #216575. (ECF No. 1 at 1.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a certification of his inmate trust account, as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount

---

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.

of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these

or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the HCCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

On May 9, 2017, Shipp filed a motion pursuant to Federal Rule of Evidence 201 asking the Court to take judicial notice of the "Ossama Bahloul Halal Menu". (ECF No. 8.) Attached to the motion as exhibits are what appears to be a contract between the TDOC and a contractor, Ossama Bahloul, to provide an approved Halal menu; a copy of certain TDOC policies and procedures concerning religious diets; and certain TDOC forms pertaining to an inmate's request for a religious diet. (ECF No. 8-1.) Also attached to the motion are various additional exhibits, including grievances by many other inmates and letters of complaint to various individuals, TDOC memos, and other miscellaneous documents. (ECF Nos. 8-3 to 8-39.)

Federal Rule of Evidence 201 provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

None of the documents submitted by Plaintiff satisfies either of these requirements. Therefore, the motion to take judicial notice is DENIED.

On May 30, 2017, the Clerk received and filed Plaintiff's motion for a temporary restraining order in which he asks the Court to order prison officials at the HCCF to make various changes to prison policies concerning the religious practices of Muslim inmates and specifically seeking an order "to ensure that I am not forced to offer the evening Ramadan fast-breaking prayer for the Holy month of Ramadan in the chow hall." (ECF No. 11 at 3.) However, the Court declines to address the motion on the merits because neither the motion, nor the accompanying declaration, nor the verification page is signed by Plaintiff. Accordingly, the motion for a temporary restraining order is also DENIED.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE